## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

In re:    DAWN MARIE KANDRIS
         STEPHEN CHRISTOPHER KANDRIS

         Debtor(s),

                                                                Case No.: 14-35760-KLP
                                                                Chapter 13

         FORD MOTOR CREDIT COMPANY LLC

         Movant,

v.

         DAWN MARIE KANDRIS
         STEPHEN CHRISTOPHER KANDRIS
         CARL M. BATES, ESQUIRE

         Respondents.

### CONSENT ORDER MODIFYING AUTOMATIC STAY

This matter was before the court on  February 10, 2016 , on the motion of  Ford Motor Credit Company LLC  ("Ford") , for relief from the automatic stay with respect to certain personal property, to-wit:

2011 Ford Fiesta, VIN 3FADP4BJ4BM102112

Upon consideration of which, it is

**ORDERED:**

Carl A. Eason, Esquire
Counsel for Ford
Wolcott Rivers Gates
200 Bendix Road, Suite 300
Virginia Beach, VA 23452
bankruptcy@wolriv.com
(757)497-6633
VSB# 18636

1. The debtor will resume making regular monthly installment payments to the Chapter 13 Trustee. The debtor shall maintain all payments on a timely basis with the Chapter 13 Trustee.

2. The Chapter 13 Trustee shall forthwith mail directly to Ford a lump sum payment of $500.00.

3. Ford shall receive adequate protection payments in the amount of $50.00 until the plan has been confirmed by the Court and the attorney's fees have been paid in full according to the terms of the plan.

4. In the event that any payment required by this order is not received by the movant within fifteen (15) days after it is due, the movant may mail a notice of default to the debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the debtor. The notice of default will state in simple and plan language:

   a. That the debtor is in default in making at least one payment required under this order;

   b. The dates and amount of each payment missed and any late charge of other fee necessary to cure the default;

   c. The action necessary to cure the default, including any address to which payments must be mailed;

   d. That the debtor or trustee must take one of the following actions within fourteen (14) days after the date of the mailing of the notice of default:
      i. cure the default;
      ii. file an objection with the court stating that no default exists; or
      iii. file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;

   e. That if the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtor; and

    f. That if the automatic stay is terminated, the collateral may be sold.

If the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate of draft order terminating the automatic stay.

If the debtor or trustee files an objection, the movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

  5. The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

  6. Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

  7. The automatic stay is modified to permit the note holder or servicing agent to send

Carl A. Eason, Esquire
Counsel for Ford
Wolcott Rivers Gates
200 Bendix Road, Suite 300
Virginia Beach, VA 23452
bankruptcy@wolriv.com
(757)497-6633
VSB# 18636

the debtor payment coupons, payment statements or invoices, notices or late charges, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

8. Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the movant shall be entitled to reasonable attorney's fees in the amount of $<u>100.00   </u> for issuance of a notice of default, and an additional $<u>  225.00  </u> for issuance of a certificate of default and preparation of an order terminating the automatic stay.

_____, Virginia
_____, 2016

Feb 10 2016

/s/ Keith L. Phillips
_____
United States Bankruptcy Judge

Entered on Docket:  Feb 11 2016

Copies to:

Carl A. Eason, Esquire
200 Bendix Road, Suite 300
Virginia Beach, VA 23452
Counsel for Ford

Richard J. Oulton, Esquire
8501 Mayland Drive, Suite 106
Henrico, VA 23294
Counsel for debtor(s)

Carl M. Bates, Esquire
P.O. Box 1819
Richmond, VA 23218

Dawn Marie Kandris
Stephen Christopher Kandris
11607 Waterview Dr., Apt 302
Chester, VA 23831

I ask for this:


/s/ Carl A. Eason
Carl A. Eason, Esquire
Counsel for Ford
200 Bendix Road, Suite 300
Virginia Beach, VA 23452


Seen and Agreed and the Debtors
have been advised of these terms:


/s/ Jason M. Krumbein (electronic signature affixed with permission given by email dated 2/9/16)
for Richard J. Oulton, Esquire
Counsel for Debtors
8501 Mayland Drive, Suite 106
Henrico, VA 23294


Seen:


/s/ Carl M. Bates (electronic signature affixed with permission given by email dated 2/9/16)
Carl M. Bates, Esquire
Trustee
P.O. Box 1819
Richmond, VA 23218

## CERTIFICATION OF SERVICE

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed

Carl A. Eason, Esquire
Counsel for Ford
Wolcott Rivers Gates
200 Bendix Road, Suite 300
Virginia Beach, VA 23452
bankruptcy@wolriv.com
(757)497-6633
VSB# 18636

Order has been endorsed by or served upon all necessary parties on or before the _____9th day of __February, 2016_, to Richard J. Oulton, Esquire, 8501 Mayland Drive, Suite 106, Henrico, VA 23294, counsel for Debtors; Carl M. Bates, Esquire, Trustee, P.O. Box 1819, Richmond, VA 23218; and to the Debtors at 11607 Waterview Dr., Apt 302, Chester, VA 23831.

          _____/s/ Carl A. Eason_____

### CERTIFICATION

  The undersigned certifies that the foregoing Consent Order Modifying Automatic Stay is identical to the form order required by Administrative Order 10-2 and that no modifications, addition, or deletion has been made.

          _____/s/ Carl A. Eason_____